IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLENVIEW LUXURY IMPORTS, LLC, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-cv-04314 |
| GUARDIAN AUTO TRANSPORT, LLC, an Illinois limited liability company, | ) ) ) | Assigned Judge: Virginia M. Kendell |
| IDELIVERY, INC., an Ohio corporation, and GDEKA, INC., an Ohio corporation, | ) ) ) | Magistrate Judge: Beth W. Jantz |
| Defendants. | ) ) | |

## MOTION TO REMAND

Plaintiff, GLENVIEW LUXURY IMPORTS, LLC ("Glenview"), by and through its undersigned counsel, respectfully moves for remand pursuant to 28 U.S.C. § 1447(c), and in support, states as follows:

### I.

### INTRODUCTION

This matter ("Action") involves the transport of a 2022 Porsche Cayenne. See, a true and accurate copy of the Complaint attached as Exhibit A. The vehicle sustained damages when Defendants, GDEKA, INC. ("Gdeka") and iDELIVERY, INC. ("iDelivery"), transported it. Glenview seeks damages from Defendant, GUARDIAN AUTO TRANSPORT, LLC ("Guardian"), the broker who, among other wrongful conduct, negligently selected the carrier. In addition, it seeks the cost to repair the vehicle and its diminished value from Gdeka and iDelivery.

Gdeka has filed a Notice of Removal [Doc. #3] from the Circuit Court of Cook County, Illinois ("State Court"). The Notice of Removal is time-barred and is not consented to by all other Defendants. Accordingly, Glenview respectfully requests this Court to remand the Action.

## II.

## PROCEDURAL HISTORY

On June 17, 2022, Glenview filed its Complaint[1]. Glenview served Guardian on July 11, 2022. See, a true and accurate copy of the Cook County Sheriff's Office's Affidavit of Service attached as Exhibit B. Glenview served Gdeka on July 13, 2022 (Doc. #3, ¶6). On August 9, 2022, Glenview served Defendant, iDELIVERY, INC. See, a true and accurate copy of the Ohio Secretary of State's Notice of Receipt attached as Exhibit C.

On August 15, 2022, Gdeka filed its Notice of Removal. Guardian never filed a written consent or joinder to the Notice of Removal in compliance with 28 U.S.C. § 1446(b)(2)(A).

## III.

## ARGUMENT

Gdeka did not strictly comply with the statutory requirements under 28 U.S.C. § 1446 to remove the Action and has waived its right to seek removal.

"The notice of removal of a civil action … shall be filed within 30 days after the receipt by the defendant, through service or otherwise …" 28 U.S.C. § 1446(b). The statutory period begins to run when the first defendant is served. *Thomas v. Klinkhamer*, 00 C 2654, 2000 U.S. Dist. LEXIS 9851 at *6 (N.D. Ill. July 10, 2000). The failure to file a notice of removal within the 30-days prescribed under 28 U.S.C. 1446(c) is a procedural defect. *Kitamura Machinery of U.S.A., Inc. v. Cimteq, Inc.*, Case No. 92 C 6989, 1992 U.S. Dist. LEXIS 19838 (N.D. Ill. Dec. 18, 1992).

In addition, all defendants must join in a removal petition to successfully effect removal. *Thomas*, 2000 U.S. Dist. LEXIS 9851 at *7. "When a civil action is removed solely under section

---

[1] Court records are appropriate subjects for judicial notice because they are sources "whose accuracy cannot reasonably be questioned." *Limestone Development Corp. v. Village of Lemont*, 473 F. Supp. 2d 858, 868 (N.D. Ill. 2007).

1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The failure to obtain the consent of other defendants to removal under § 1446(b)(2)(A) is a procedural defect.

A defendant seeking removal must strictly comply with the above statutory requirements, and where there is doubt regarding whether the requirements for removal have been satisfied, the case should be remanded. *Kitamura*, 1992 U.S. Dist. LEXIS 19838 at *4. The burden is on Gdeka to show that removal is proper. *Id*. at *3. Gdeka fails its burden.

First, Gdeka blew the 30-day filing deadline. Notably, Gdeka does not contest[2] that it was served on July 13, 2022 [Doc. #3, ¶6]. When determining when the statutory period for filing a petition for removal begins to run, one need not consider whether the complaint specifically states the jurisdictional bases for the case. Rather, the defendant's ability to intelligently determine removability from the pleadings is all that is required. *Id*. at *6-7. Gdeka could intelligently determine removability from the pleading it received on July 13, 2022; however, the thirty-day statutory period began to run on July 11, 2022, the date when Guardian was served. By waiting to file its Notice of Removal until August 15, 2022, Gdeka failed to satisfy the 30-day filing requirement (August 10, 2022) under 28 U.S.C. § 1446(b).

Second, Gdeka did not obtain consent from both iDelivery and Guardian. It was required to obtain consent from iDelivery, because iDelivery had been served via the Ohio Secretary of State (Ex. C), which is permitted pursuant to § 1701.07(H) of the Ohio Revised Code. Specifically, § 1701.07(H) of the Ohio Revised Code states as follows:

> Any process, notice, or demand required or permitted by statute to be served upon a corporation may be served upon the corporation by delivering a copy of it to its agent, if a natural person, or by delivering a copy of it at the address of its agent in

---

[2] Gdeka has waived any objection to service because any contention that service of process was insufficient must be raised in connection with the initial motions filed by defendant pursuant to both 735 ILCS 5/2-301 and Fed.R.Civ.P. 12(h)(1).

3

    this state, as the address appears upon the record in the office of the secretary of state. ***If (1) the agent cannot be found, or (2) the agent no longer has that address, or*** (3) the corporation has failed to maintain an agent as required by this section, ***and if in any such case the party desiring that the process, notice, or demand be served, or the agent or representative of the party, shall have filed with the secretary of state an affidavit stating that one of the foregoing conditions exists and stating the most recent address of the corporation that the party after diligent search has been able to ascertain, then service of process, notice, or demand upon the secretary of state, as the agent of the corporation, may be initiated by delivering to the secretary of state or at the secretary of state's office quadruplicate copies of such process, notice, or demand and by paying to the secretary of state a fee of five dollars.*** The secretary of state shall forthwith give notice of the delivery to the corporation at its principal office as shown upon the record in the secretary of state's office and at any different address shown on its last franchise tax report filed in this state, or to the corporation at any different address set forth in the above mentioned affidavit, and shall forward to the corporation at said addresses, by certified mail, with request for return receipt, a copy of the process, notice, or demand; and ***thereupon service upon the corporation shall be deemed to have been made***. (Emphasis added).

Ohio Rev. Code Ann. § 1701.07. The Ohio Secretary of State's Notice of Receipt evinces service upon iDelivery on August 9, 2022, prior to the filing of Gdeka's Notice of Removal. As such, Gdeka failed to obtain iDelivery's consent pursuant to 28 U.S.C. § 1446(b)(2)(A).

    Furthermore, Gdeka's claim that Guardian consented to its Notice of Removal in a telephone conference [Doc. #3, ¶ 15] is insufficient to establish Guardian's consent or joinder. There is no written evidence in the record that Guardian consented or joined in the Notice of Removal. *Thomas*, 2000 U.S. Dist. LEXIS 9851 at *8 citing *Martin v. Harshbarger*, 1994 U.S. Dist. LEXIS 3078, 1994 WL 86020, *2 (N.D. Ill. 1994) (holding that "[a]lthough it is not necessary that all defendants sign the notice of removal, this does require that each defendant who has been served must at least communicate his or her consent to the court within 30 days after his or her receipt of the initial pleading containing the removable claim … this communication must be written.") Guardian has not filed a writing with this Court to evidence its consent or joinder. Thus, Gdeka fails to demonstrate consent from Guardian in compliance with 28 U.S.C. § 1446(b)(2)(A).

4

Since Gdeka failed to strictly comply with the statutory requirements under 28 U.S.C. § 1446, it has waived removal to this Court. *Kitamura*, *supra*.

Considering the above, Glenview requests sanctions against Gdeka pursuant to Federal Rule of Civil Procedure 11 for improperly attempting to remove the Action. Sanctions are appropriate for its failure to make a reasonable inquiry into the relevant law before filing its Notice of Removal. *Kitamura*, 1992 U.S. Dist. LEXIS 19838, at *8. The law regarding the statutory time limitation and the obtaining consent for filing a petition for removal is clear. Gdeka neither abided by the established time limitation nor obtained proper consent from all other defendants. As a result of Gdeka's actions, Glenview has been forced to needlessly spend time and money in preparing and filing this Motion to Remand.

Accordingly, Glenview requests its reasonable attorneys' fees related to this Motion to Remand.

WHEREFORE, Plaintiff, GLENVIEW LUXURY IMPORTS, LLC, respectfully requests this Court to enter an Order remanding the Action to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1447(c), granting sanctions against Defendants, GDEKA, INC. and/or GUARDIAN AUTO TRANSPORT, LLC, and for any such other relief that this Court deems appropriate under the circumstances.

Respectfully submitted,

*/s/ Steve M. Varhola*
Steve M. Varhola (ARDC #6276094)
Lyman Law Firm, LLC
227 West Monroe Street, Suite 2650
Chicago Illinois 60606
(312) 762-9517
steve@lymanlawus.com

*Attorney for Glenview Luxury Imports, LLC*

5

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on September 13, 2022, he caused the foregoing Plaintiff's, GLENVIEW LUXURY IMPORTS, LLC, Motion to Remand to be served upon all counsel of record via the court's electronic docketing system.

Dated: September 13, 2022

                Respectfully submitted,

                /s/ Steve M. Varhola
                Steve M. Varhola (ARDC #6276094)
                Lyman Law Firm, LLC
                227 West Monroe Street, Suite 2650
                Chicago, Illinois 60606
                (312) 762-9517
                steve@lymanlawus.com

                *Attorney for Glenview Luxury Imports, LLC*